### No. 781.

#### JOSEPH T. LABIT, Administrator, *v.* PIERRE FRANCIONI.

Where the plaintiff, alleging that the succession represented by him was the joint owner
  with the defendant of a steamboat, sued to have the right of the succession recognized
  and for its share in the net earnings of the boat while in the possession of the defendant,
  and said defendant excepting that, if the plaintiff had any rights, which is denied, the
  present suit was not the form in which they can be asserted, contended that said plain-
  tiff must sue for a general settlement, the exception must be overruled.

The mere fact of being joint owners of a steamboat did not constitute plaintiff and defendant
  partners, when there is in the record no evidence of partnership.

Plaintiff is entitled to claim his right to the boat, if he be a joint owner, and if he has
  asked for a share of the earnings of the boat, instead of the price of the use of his prop-
  erty, it does not follow that he will get it, or that he is therefore a partner.

APPEAL from the Third Judicial District Court, parish of St. Mary..
*Train,* J.   F. R. *King* and J. A. *Breaux,* for plaintiff and appellant..
*Dumartrait, De Blanc & Perry,* for defendant and appellee.

LUDELING, C. J.   The plaintiff, alleging that the succession, repre-
sented by him, is the joint owner, with defendant, of a steamboat, sues.
to have the right of the succession recognized, and for the net earnings.
of the boat while in the possession of the defendant.

The defendant excepted, that, if the plaintiff has any rights, which·
is denied, the present suit is not the form in which they can be
asserted; that he must sue for a general settlement of the partnership.

The exception was maintained, the suit was dismissed and the plaintiff has appealed.

There is nothing in this record to show that any partnership ever existed between the deceased and the defendant. The mere fact of being joint owners of the steamboat did not constitute them partners. The plaintiff alleges that the boat belonged to the deceased and the defendant, that the defendant unlawfully changed the name of the boat, and made other changes in her, and has used her for his own benefit, and that he refuses to account for said use of the boat. Plaintiff alleges that the boat has earned $250 net per month, and he prays for judgment accordingly He does not allege a partnership, nor does the defendant admit one. He certainly has a right to claim his right to the boat if he be an owner, and if he has asked for a share of the earnings of the boat, instead of the price of the use of his property, it does not follow that he will get it, or that he is therefore a partner. It is difficult to conceive what general settlement can be had (judging from the allegations of the petition) other than an account for the use of the property. We are of opinion that the exception should have been overruled.

It is therefore ordered that the judgment appealed from be annulled, that the exception be overruled, and that the case be remanded to be proceeded with according to law. It is further ordered that appellee pay costs of appeal.